**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JADE CARPENTER, on behalf of herself and | ) | |
| others similarly situated, | ) | 08 C 5355 |
|     Plaintiff, | ) | |
| | ) | Judge Gettleman |
|       v. | ) | |
| | ) | Magistrate Judge Ashman |
| PAYDAY LOAN STORES OF ILLINOIS, INC., | ) | |
|     Defendant. | ) | |
| | ) | |

**MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY**
**REGARDING MOTION TO COMPEL ARBITRATION**

Plaintiff respectfully requests that the Court grant her leave to take limited discovery on the issue of defendant's motion to compel arbitration.

In support of this motion, plaintiff states:

1.    This is a Truth in Lending Act class action that alleges that defendant's explanation of the security interest it took two payday-type loans was inconsistent and unclear. Plaintiff requests statutory damages for herself for and all similarly situated persons in Illinois within a year of filing the complaint.

2.    Defendant has moved to compel arbitration based upon a purported contract and wage assignment that defendant attached to its motion along with an affidavit from a manager at defendant.

3.    The documents defendant attached to its motion to compel arbitration do not precisely match the documents that were provided to plaintiff by defendant at the time of the loan(s).  Plaintiff does not wish to reveal precisely what the differences are because she is concerned that defendant might attempt to change its story to explain the inconsistencies

away.  The most prudent way to proceed is for defendant to provide the documents to plaintiff first.  It will be provided with the opportunity to explain the inconsistencies in its reply brief in support of its motion to compel arbitration.

    4.    Plaintiff seeks leave to issue the following two document requests to defendant:

    i.    All documents and data concerning plaintiff and/or plaintiff's loans, including her loan documents in their original order and bound as they were in defendant's files, and

    ii.    All policies, practices and procedures regarding what documents defendant provides to borrowers at the time of entering into a loan transaction, what documents defendant retains from loan transactions and how it retains documents.

    5.    Defendant's response to these document requests will likely be material.  The circumstances surrounding parties' contracting away the right to a jury trial and the right to participate in a class action are critical to a determination of procedural unconscionability, which is a substantial reason why the Court should not compel arbitration in this case.

> Factors to be considered [for procedural unconscionability] **are all the circumstances surrounding the transaction including the manner in which the contract was entered into,** whether each party had a reasonable opportunity to understand the terms of the contract, and whether important terms were hidden in a maze of fine print; both the conspicuousness of the clause and the negotiations relating to it are important, albeit not conclusive factors in determining the issue of unconscionability.

*Frank's Maintenance & Engineering, Inc. v. C. A. Roberts Co.*, 86 Ill.App.3d 980, 990, 408 N.E.2d 403 (1st Dist. 1980) (emphasis added).

    6.    Plaintiff attempted to obtain her loan file through defense counsel informally by sending an email on November 11, 2008, Exhibit A.  Defendant responded on November 14, 2008, that it would not provide such.  Exhibit B.

7.    Plaintiff requests that the Court compel defendant to provide these materials, and then that plaintiff have three weeks after receipt within which to file her response to the motion to compel arbitration.

WHEREFORE, respectfully requests that the Court grant her leave to take limited discovery on the issue of defendant's motion to compel arbitration.


Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 732
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

# Exhibit A

**Alex Burke**

**From:** Alex Burke [ABurke@BurkeLawLLC.com]
**Sent:** Tuesday, November 11, 2008 11:47 AM
**To:** 'Jonathan Ledsky'; 'jdavidson@vblhc.com'
**Cc:** 'Craig A. Varga'
**Subject:** Carpenter v. Payday Loan Files

Counsel,

We request an opportunity to inspect and copy the entire original file(s) of documents that Payday Loan Stores of Illinois, Inc. has for both loans with Jade Carpenter.  I expect that the files will be in the precise order that they were kept by the defendant, with no extra copies or pages missing, and all staples or other fastening devices intact.

My plan is to inspect the originals, and to have a bonded photocopy service make the copies, or make other copy arrangements that the parties can agree upon.

I think it would make sense to do this before the presentation of your motion to file the motion to compel arbitration instanter, and am available to do so generally any day up to the 18th.  Please let me know what defendant's position is on this issue.

Alex Burke

BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 732
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

The information transmitted through this communication is intended only for the addressee and may contain confidential and/or privileged material. Any unauthorized interception, review, retransmission, dissemination, or other use of, or taking of any action upon this information by persons or entities other than the intended recipient is prohibited and may subject the unauthorized person or entity to criminal or civil liability. If you received this communication in error, please contact us immediately at (312) 729-5288, and delete the communication from any computer or network system.

# Exhibit B

# VARGA BERGER LEDSKY HAYES & CASEY
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

SANTA FE BUILDING
224 SOUTH MICHIGAN AVENUE
SUITE 350
CHICAGO, ILLINOIS 60604-2507

TELEPHONE: 312-341-9400
FACSIMILE: 312-341-2900

JOSHUA D. DAVIDSON
(312) 341-9891

jdavidson@vblhc.com

November 14, 2008

**VIA FACSIMILE**

Mr. Alexander H. Burke
Burke Law Offices, LLC
155 N. Michigan Avenue
Suite 732
Chicago, IL 60601

      Re:    Jade Carpenter v. Payday Loan Stores of Illinois, Inc., Case No. 08 CV 5355

Dear Counsel:

      We are in receipt of your email correspondence requesting the inspection and copying of the entire file of documents that The Payday Loan Store of Illinois, Inc. ("PLS") has for Plaintiff Jade Carpenter in advance of the November 18, 2008 hearing. We believe this request is unnecessary and unreasonable given the procedural posture of the case and PLS's election to arbitrate. The November 18, 2008 hearing is on PLS's motion for leave to file instanter amended appearances and motion to compel arbitration and stay proceedings. The motion to compel arbitration has attached, as an exhibit, copies of January 2, 2008 Consumer Loan Agreement and related Wage Assignment of the same date, and February 21, 2008 Consumer Loan Agreement and related Wage Assignment of the same date, which documents were executed by Plaintiff. An affidavit attesting to the authenticity and accuracy of these documents is also attached to the motion to compel arbitration.

      In addition to the copies attached to PLS's motion, we presume that you already have copies of the above-referenced Consumer Loan Agreements and related Wage Assignments, as said documents are specifically referenced in Plaintiff's complaint, and you would have necessarily reviewed such documents prior to filing the complaint.

      The complaint does not include any allegation that Plaintiff did not execute the subject Consumer Loan Agreements and related Wage Assignments, and you have never contended as much in your communications with us. Indeed, pursuit of the alleged claim in the face of an assertion that the loan documents were not executed would be utterly inconsistent.

Alexander H. Burke
November 14, 2008
Page 2

# VARGA BERGER LEDSKY HAYES & CASEY

Your inspection and copying request is not warranted. It does not appear to us, given the above, to have any bearing on PLS's election to arbitrate, the motion to compel arbitration, or the forum for Plaintiff to prosecute her alleged claims against PLS. It could conceivably, moreover, give rise to an assertion (though we would disagree with such an assertion) that our undertaking of informal discovery of the type you've requested somehow amounted to a wavier or other prejudice to our arbitration election. Once the forum is determined, of course, we will undertake to comply with applicable discovery procedures.

We strive to be reasonable and I hope you can understand our position. Please let us know if you have any questions. Thank you.

Very truly yours,

Joshua D. Davidson

JDD/jmk

cc:     Craig A. Varga

# VARGA BERGER LEDSKY HAYES & CASEY
### A Professional Corporation
## ATTORNEYS AT LAW

SANTA FE BUILDING
224 SOUTH MICHIGAN AVENUE
SUITE 350
CHICAGO, ILLINOIS 60604-2507
TELEPHONE: (312) 341-9400
TELECOPIER: (312) 341-2900

WRITER'S DIRECT DIAL
(312) 341-9891

email: jdavidson@vblhc.com

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| **Name:**  Alex Burke | **Date:** November 13, 2008 |
| **Company:**  Burke Law Offices, LLC | **From:** Joshua D. Davidson |
| **Phone No.:**  (312) 729-5288 | **Client/Matter No.:** Carpenter v. Payday Loan Store, et al |
| **Facsimile No.** (312) 729-5289 | |

We are transmitting a total of __3__ pages, including this sheet. If you do not receive all of the pages, please call (312) 341-9400.

**MESSAGE:**

This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the addressee named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.